JAMES L. BEYERS (SBN 053159)
KATHLEEN C. MILLER (SBN 202216)
BEYERS | COSTIN
200 Fourth St. Ste. 400
P.O. Box 878
Santa Rosa, California 95402-0878
Telephone: (707) 547-2000
Facsimile: (707) 526-3672

Attorneys for Defendant
Petersen Builders, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br>vs.<br><br>PETERSEN BUILDERS, INC., and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO. 07-3116 BZ<br><br>**ANSWER TO COMPLAINT** |

　　　　Defendant Petersen Builders, Inc. (hereinafter "defendant") answers the complaint of plaintiff Massachusetts Bay Insurance Company (hereinafter "plaintiff") as follows:

　　　　1.　　Answering the allegations contained in paragraph 1 of the complaint, this answering defendant lacks information and belief sufficient to answer the allegations in paragraph 1 and, basing its denial on this ground, denies each and every allegation contained therein.

　　　　2.　　Answering the allegations contained in paragraph 2 of the complaint, this answering defendant admits that "defendant Petersen Builders has its principal place of business in the State of California" and admits that "the defense and indemnity of these matters was undertaken in Sonoma County and Petersen Builders is domiciled in Sonoma County." Defendant lacks information and belief sufficient to answer the remaining allegations in paragraph 2 and, basing its denial on this ground, denies each and every remaining allegation contained therein.

1

3. Answering the allegations contained in paragraph 3 of the complaint, this answering defendant lacks information and belief sufficient to answer the allegations in paragraph 3 and, basing its denial on this ground, denies each and every allegation contained therein.

4. Answering the allegations contained in paragraph 4 of the complaint, this answering defendant admits the allegations contained therein.

5. Answering the allegations contained in paragraph 5 of the complaint, this answering defendant admits the allegations contained therein.

6. Answering the allegations contained in paragraph 6 of the complaint, this answering defendant admits the allegations contained therein.

7. Answering the allegations contained in paragraph 7 of the complaint, this answering defendant denies that "neither the damages confronted by Defendant Petersen Builders Inc., nor the defense provided by Plaintiff Massachusetts Bay Insurance Company Inc., fell within the scope of the policies." Defendant lacks information and belief sufficient to answer the remaining allegations in paragraph 7 and, basing its denial on this ground, denies each and every remaining allegations contained therein.

8. Answering the allegations contained in paragraph 8 of the complaint, this answering defendant lacks information and belief sufficient to answer the allegations in paragraph 8 and, basing its denial on this ground, denies each and every allegation contained therein.

9. Answering the allegations contained in paragraph 9 of the complaint, this answering defendant lacks information and belief sufficient to answer the allegations in paragraph 9 and, basing its denial on this ground, denies each and every allegation contained therein.

10. Answering the allegations contained in paragraph 10 of the complaint, this answering defendant denies the allegations contained therein.

11. Answering the allegations contained in paragraph 11 of the complaint, this answering defendant denies the allegations contained therein.

12. Answering the allegations contained in paragraph 12 of the complaint, this answering defendant admits the allegations contained therein.

13. Answering the allegations contained in paragraph 13 of the complaint, this answering defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE (Failure to State Cause of Action)

1. Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute any cause of action against defendants.

SECOND AFFIRMATIVE DEFENSE (Statute of Limitations)

2. Plaintiff's Complaint, and each purported cause of action therein, is barred by applicable statutes of limitation and statutes of repose, and other statutory bars, including the provisions of Code of Civil Procedure Sections 337 (4 year), 337.1 (4 year), 337.15 (10 year), 338 (3 year), 339 (2 year), 340 (1 year) and 343 (4 year); by the provisions of California Commercial Code Sections 2607(3)(a), 2725(1)(2); and by California Civil Code Sections 2782 and 2784.

THIRD AFFIRMATIVE DEFENSE (Failure to Mitigate Damages)

3. Plaintiff failed to exercise reasonable care and diligence to avoid loss and minimize damages, if any, and therefore plaintiff may not recover for any alleged losses or damages, if any, which could have been prevented by reasonable efforts on her part, or by expenditures which might reasonably have been made. Therefore, plaintiff's damages, if any, should be reduced by plaintiff's said failure to mitigate its damages, if any.

FOURTH AFFIRMATIVE DEFENSE (Laches)

4. Plaintiff delayed unreasonably in bringing this action and/or notifying defendants of alleged problems and such delay has prejudiced defendants such that plaintiff's alleged claims and damages, if any, are barred by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE (Unclean Hands)

5. Plaintiff's Complaint, and each purported cause of action therein, is barred by the equitable doctrine of unclean hands.

**ANSWER TO COMPLAINT**
303\G:\6124\PLDGS\ANSWER TO COMPLAINT.DOC\9-13-07

SIXTH AFFIRMATIVE DEFENSE (Waiver)

6. Plaintiff has engaged in conduct and activities whereby it has waived any alleged breach of contract, negligence or other conduct, and any right to seek recovery for damages, if any.

SEVENTH AFFIRMATIVE DEFENSE (Absence of Reliance)

7. Plaintiff did not rely on anything done or said by defendant, and therefore it is not entitled to recover damages, if any from defendant.

EIGHTH AFFIRMATIVE DEFENSE (Failure to Notify)

8. The claims alleged in the Complaint for breach of contract and damages, if any, are barred because plaintiff failed to timely notify defendant of any alleged breach.

NINTH AFFIRMATIVE DEFENSE (Civil Code Section 1473)

9. Defendant performed, satisfied and discharged any and all duties and obligations owed to plaintiff. Therefore, all obligations, if any, of defendant arising out of any and all agreements, representations or contracts with plaintiff are barred by California Civil Code Section 1473.

TENTH AFFIRMATIVE DEFENSE (Excuse by Impossibility)

10. To the extent, if any, that defendant did not fully perform, satisfy and discharge all duties and obligations owed to plaintiff, the performance of each such obligation was excused by the doctrines of impossibility and/or impracticability.

ELEVENTH AFFIRMATIVE DEFENSE (Affirmative Defenses Reserved)

11. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery and/or investigation indicates that additional affirmative defenses would be appropriate.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff take nothing by reason of the complaint on file herein;

2. For reasonable attorneys' fees;

3. For costs of suit incurred herein; and

**ANSWER TO COMPLAINT**
303\G:\6124\PLDGS\ANSWER TO COMPLAINT.DOC\9-13-07

4. For such other and further relief as the court deems just and proper.

Dated: September 13, 2007                    BEYERS | COSTIN

*/s/ Kathleen C. Miller*

---
KATHLEEN C. MILLER
Attorneys for Defendant
Petersen Builders, Inc.

5

## VERIFICATION

I, Dwight Petersen, on behalf of Petersen Builders, Inc., the defendant in this action, have reviewed the *Answer to Complaint* and know the contents thereof, and the same is true of my own personal knowledge, except as to those matters based on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this verification is made at Windsor, California on September 13, 2007.

PETERSEN BUILDERS, INC.
By: Dwight Petersen, Officer

VERIFICATION
303\G:\6124\PLDGS\VERIFICATION.DOC\9-13-07